UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 5, 2018

LETTER TO COUNSEL

RE: *Nancy Turner v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-2486

Dear Counsel:

On August 29, 2017, Plaintiff Nancy Turner petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Turner filed her claims for benefits in July, 2014, alleging a disability onset date of April 1, 2012. (Tr. 220-31). Her claims were denied initially and on reconsideration. (Tr. 84-97, 100-19). A hearing was held on January 5, 2017, before an Administrative Law Judge ("ALJ"). (Tr. 48-67). Following the hearing, the ALJ determined that Ms. Turner was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 34-42). The Appeals Council ("AC") denied Ms. Turner's request for further review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Ms. Turner suffered from the severe impairments of "bilateral shoulder disorder, back disorder, and neck disorder." (Tr. 36). Despite these impairments, the ALJ determined that Ms. Turner would retain the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), provided it does not require the performance of more than occasional postural activity, occasional overhead reaching with the right dominant upper extremity; and occasional reaching in all directions with the left nondominant upper extremity.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

(Tr. 38). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Turner could perform jobs existing in significant numbers in the national economy, specifically "information clerk," "clerical checker," and "office helper." (Tr. 41-42). Therefore, the ALJ concluded that she was not disabled. (Tr. 42).

Ms. Turner makes two primary arguments on appeal: (1) that the ALJ's evaluation of her ability to reach was deficient; and (2) that the ALJ did not adequately assess her subjective complaints of pain. I agree with the first argument, and I therefore remand the case for further analysis. In ordering remand, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Turner was not entitled to benefits is correct.

In the RFC assessment, the ALJ found, in relevant part, that Ms. Turner could perform work that did not require "the performance of more than . . . occasional overhead reaching with the right dominant upper extremity; and occasional reaching in all directions with the left nondominant upper extremity." (Tr. 38). Each of the three jobs identified by the VE requires "frequent" reaching, (ECF No. 12-2, to -4), so the VE apparently relied upon the fact that, other than the limitation on "overhead reaching," Ms. Turner would be able to frequently reach with her right dominant arm.

The medical opinions discussed by the ALJ, however, all suggested additional right-sided reaching limitations. The non-examining State agency physician stated that Ms. Turner would be limited in reaching, on the right side, "in front and/or laterally." (Tr. 106-07, 116-17). Oddly, in evaluating that opinion, the ALJ expressly stated that he "gives great weight to the limited light exertional findings, and limits in overhead, front, and lateral reaching." (Tr. 40). However, the ALJ then imposed limits in front and lateral reaching only as to the left arm, without explanation as to why he rejected any such limits for the right side. Also, in contrast to the ALJ's finding, the consultative examiner, Dr. Montemayor, found right-sided reaching limitations only, and did not differentiate between overhead and other reaching. (Tr. 345) ("There are manipulative limitations on the right side only with reaching and the claimant will be able to perform this occasionally due to right shoulder and decreased range of motion."). The ALJ also assigned "significant weight" to Dr. Montemayor's functional limitations. (Tr. 40).

The ALJ provided no explanation for his rejection of the right-sided reaching limitations found by the non-examining State agency physician and Dr. Montemayor, other than an unexplained assertion that the determination was "consistent with her recent surgery and follow up with physical therapy," and consistent with her role as a deacon in her church. (Tr. 40). However, Ms. Turner's most recent surgery was on her left shoulder on March 22, 2016. (Tr. 428). The ALJ did not discuss or cite to any medical records from those treatments that address or undermine the right-sided reaching limitations found by State agency physician and Dr. Montemayor. Moreover, nothing about Ms. Turner's part-time, unpaid position as deacon at her church suggests a greater ability for frequent front and lateral reaching on the right side. (Tr. 53) (testimony that her work as a deacon consists of reading the bible, preaching, and delivering communion to the elderly one Sunday per month).

In light of my determination that the ALJ's reaching analysis was insufficient, I need not address the argument that the ALJ erred by failing to credit Ms. Turner's subjective assertions of disabling pain. I note that the ALJ's discussion focused heavily on the objective findings from physical examinations, largely to the exclusion of subjective statements by Ms. Turner or other evidence that may undermine Ms. Turner's allegations. On remand, the ALJ may wish to provide more explanation to support his evaluation of Ms. Turner's subjective assertions of pain.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge